[No. 13721.   Department Two.   June 22, 1917.]

LAUBACH UNION CHECK VALVE COMPANY, *Respondent*, v.
HIRAM F. LAUBACH, *Appellant*.[1]

PATENTS—ASSIGNMENTS—EVIDENCE—SUFFICIENCY. Findings that an assignment of patent rights were to be unconditional are sustained where records of corporate minutes, made when there was no controversy, so indicated, the first suggestion for restriction was made by an attorney after the agreement, and the interested testimony of the assignor was contradicted by less interested testimony.

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence will not be disturbed where the evidence does not preponderate against them.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 27, 1916, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

*Leo & Flaskett* and *H. F. Garretson*, for appellant.

*Gordon & Easterday* and *Belcher & Gordon*, for respondent.

[1]Reported in 165 Pac. 1053.

Holcomb, J.—As the result of an action by respondent to compel appellant to execute and deliver to it unrestricted and unqualified assignments of United States and Canadian letters patent for a union check valve invention and to quiet its absolute title thereto and for other equitable and injunctive relief, after a trial upon the merits, the demands of respondent were granted.

Appellant was the holder of letters patent from the United States and Canada covering certain inventions for improvements in unions and valves.  On April 22, 1914, the respondent corporation was organized in this state by the appellant and two other incorporators, for the purpose of manufacturing and selling a device covered by the patents.  On April 27, 1914, at the first meeting of the board of trustees of the respondent, appellant made an assignment of the letters patent issued to him by the United States, which contained the following restrictive provision:

"Provided, however, that I do not release or relinquish my claim, interest or title, or any of them, in the event that the Laubach Union Check Valve Company becomes insolvent."

Afterwards, on July 17, 1914, appellant made to the respondent another assignment of the same letters patent, except that it was more formally executed, which was registered in the patent office of the United States.  The Canadian patent was subsequently assigned in the same restricted terms. The capital stock of the respondent company consists of five thousand shares, of the par value of $10 per share.  Under the preliminary agreement between himself and the company, appellant received 2,500 shares as representing his interest in the company.  The assigned interests in the patents were the sole assets of the company when organized.

The one determinative question on this appeal is this: Are the restricted assignments made by appellant the assignments agreed upon between him and respondent?  This is purely a question of fact.

It was properly conceded by respondent that it is a fundamental proposition that, under the patent laws of the United States, a patentee enjoys absolute freedom in the use or sale of the rights granted thereunder.  This being true, appellant could grant an exclusive license or monopoly of his patent, or a restricted and qualified license or use of it, or he could assign the letters patent absolutely and without restriction.

There is a sharp conflict of evidence in this record as to whether appellant agreed, before the assignment was made, that the assignment of all his right, title and interest in his letters patent should be made absolute, or that the restriction set forth herein should be made for his protection and benefit.

The minutes of the first meeting of the board of trustees, made prior to the execution of the assignments, stated that the appellant transferred the letters patent to the respondent.  In that connection there was no allusion to a qualified or restricted transfer by assignment.  Appellant seems to think that the respondent and the trial court took the position that the minutes were to be considered as conclusive as to the nature of the transfer, and that therefore the transfer must necessarily be construed as unconditional.  Much stress is laid on an observation of the trial judge as follows:

"The records which are binding are simply that there was an assignment.  They used the word 'transfer' and it is not qualified."

It is vigorously contended that this shows the trial judge had an erroneous conception of the law, and that, for that reason, he did not correctly weigh the evidence.  But an examination of the further observations of the trial judge in passing upon the merits of the case discloses that he did weigh the conflicting evidence and simply used the minutes as so much evidence, not conclusive, but entitled to so much weight in support of the view that it was intended and agreed by the transferer and transferee of the assignment that the assignment was to be unconditional and unrestricted.  The minutes were made when there was no apparent controversy,

and with the full knowledge of both parties and approval of appellant. There is evidence, also, that the first suggestion to the appellant that such a condition should be incorporated in the assignment in order to protect him in case of the insolvency of the corporation during the life of the letters patent, was made to him by the attorney to whom the parties went for the preparation of the instrument which consummated their agreement. While this is contradicted by the appellant, it is to be borne in mind that the appellant is one of the most interested parties, and that there is other testimony not so interested in character contrary to his testimony, and that the court weighed all the evidence and found against appellant. While this case is to be tried *de novo* upon the record, considerable weight is to be given the findings of the trial court upon conflicting testimony where it is apparent that he properly weighed the conflicting testimony and decided according to his judgment. The evidence does not preponderate against the court's finding.

The decree is therefore affirmed.

ELLIS, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.